UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON – AT SEATTLE

KATHERINE WRIGHT, individually and on behalf of all other similarly situated,

Plaintiff,

vs.

BLUELINX CORPORATION, a foreign profit corporation; and DOES 1-20, as yet unknown Washington entities,

Defendants.

NO.

**DEFENDANT'S NOTICE AND PETITION FOR REMOVAL**

Defendant BlueLinx Corporation ("Defendant"), by and through its undersigned counsel, hereby give notice of removal of the above-referenced action from the Superior Court of Washington for King County to the United States District Court for Western District of Washington at Seattle. This removal is based on diversity, 28 U.S.C. § 1332(a) and 28 U.S.C § 1441(a) and (b). It is timely under 28 U.S.C. § 1446. This Notice is supported by the accompanying Declarations of Catharine M. Morisset ("Morisset Decl.") and Declaration of Joshua Hegenbart in Support of Removal ("Hegenbart Decl.").



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
(206) 682-2308

## I. BACKGROUND

On July 25, 2025, Plaintiff Katherine Wright on behalf of herself and all other similarly situated, filed a complaint entitled "Class Action Complaint for Discrimination" in the Superior Court of Washington State for King County entitled, *Katherne Wright v. BlueLinx Corporation*, Case No. 25-2-21721-3 KNT ("Complaint"). Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint, process, pleadings, and orders served upon Defendant are provided herewith. Morisset Decl., Exhibits 1 – 4. The allegations of the Complaint are incorporated by reference in this Notice and Petition for Removal without admission or agreement to the truth of any of them.

Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly file a copy of the Notice of Removal to Federal Court, to which this Notice and Petition for Removal shall be attached, with the Clerk of the Superior Court of Washington for King County, from which this case was removed, and serve these documents on Plaintiff. Copies of the state court Notice of Removal to Federal Court are attached hereto as **Exhibit A**.

The Complaint purports to seek relief related to Washington's Equal Pay and Opportunities Act, RCW 49.58.110, which sets out requirements for job postings. Specifically, the Complaint seeks (1) statutory damages for alleged violations; (2) attorney's fees, (3) injunctive relief; and (4) declaratory relief.

## II. REMOVAL IS TIMELY

Removal is timely because Defendant is filing this Notice and Petition of Removal within thirty days after the filed Complaint was first served. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). Defendant was served on July 30, 2025. Morisset Decl. at ¶ 4; *see also* Ex. 4. Accordingly, this Notice and Petition for Removal



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
(206) 682-2308

has been filed within 30 days of commencement of the action in state court as required by 28 U.S.C. § 1446(b). *See* RCW 4.28.020; *Myer v. Nitetrain Coach Co., Inc.,* 459 F. Supp. 2d 1074, 1077 (W.D. Wash. 2006) (the 30-day period for removal begins to run when a party receives formal process, regardless of whether the complaint has been filed in state court).

## III. VENUE IS PROPER

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States and division embracing the place where such action is pending." *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666 (1953) (holding the venue of a removed action is governed by 28 U.S.C. § 1441(a) and is properly set the district where the action is pending). This Court (the Western District of Washington) embraces the King County Superior Court, which is where Plaintiff's Complaint was originally filed. Accordingly, this Court is the appropriate federal district court to which to remove this action.

## IV. SUBJECT MATTER JURISDICTION EXISTS

As set out below, this action is removable per 28 U.S.C. § 1441(b) as it is a case with complete diversity of citizenship between the named Plaintiff and Defendant with over $75,000 in controversy. See also 28 U.S.C. § 1332 (a)(1).

### A. Plaintiff is a Citizen of Washington.

For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries*, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). "A person is 'domiciled' in a location where he or she has established a 'fixed habitation or abode in a particular place and intends to remain there permanently or indefinitely.'" *Lew v. Moss*,



FISHER & PHILLIPS LLP
1700 Seventh Avenue, Suite 2200
Seattle, WA 98101
(206) 682-2308

797 F.2d 747, 749 (9th Cir. 1986) (internal citation omitted). While no single factor controls, domicile may be determined through factors such as a person's current residence, voting registration and practices, location of property, bank accounts, and spouse and family, memberships, place of employment, driver's license and automobile registration, and payment of taxes. *Lew*, 797 F.2d at 750. Moreover, the Ninth Circuit has held that in satisfying minimal diversity, "allegations of citizenship may be based solely on information and belief." *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019).

Plaintiff pleaded she is a resident of King County, Washington. Complaint ¶ 14. In the application Plaintiff submitted to Defendant, she provided a Bellevue, Washington home address. Hegenbart Decl. ¶ 5. Plaintiff's submitted address and her own averments show that she is a resident, citizen of, and domiciled in Washington state.

**B. Defendant is a Citizen of Georgia.**

A corporation is a citizen of its state of incorporation and where it has "principal place of business," or "nerve center"; that is, a corporation's principal place of business is the place where its "high level officers direct, control, and coordinate the corporation's activities." ess. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). A corporation may only have a singular "principal place of business," which is "typically" the corporation's "nerve center." *Id.* Defendant is incorporated and organized under laws of Georgia, where its principal place of business is also located. Defendant maintains its corporate headquarters in Marietta, Georgia. High level officers of Defendant work, direct, control, and coordinate activities out of Georgia. Hegenbart Decl. ¶ 4.



FISHER & PHILLIPS LLP
1700 Seventh Avenue, Suite 2200
Seattle, WA 98101
(206) 682-2308

**C. There is at least $75,000 in Controversy.**

For diversity jurisdiction, the amount in controversy must be at least $75,000. 28 U.S.C. § 1332(a). Although Defendant denies that Plaintiff or any punitive class member is entitled to any relief, to determine the amount in controversy, the Court must assume the Complaint's allegations are true and that a jury will return a verdict for the plaintiff(s) on all claims alleged. *Cain v. Hartford Life and Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually owe*." (Internal quotation omitted)). Because "'[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability,' a removing defendant need not present evidence of what its ultimate liability will be—in many cases, the defendant presumably expects that figure to be zero." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010. The calculation includes claim for "general" damages, "special" damages, and attorneys' fees recoverable by statute or contract. *Pachinger v. MGM Grand Hotel–Las Vegas, Inc.*, 802 F.2d 362, 363 (9th Cir. 1986). The defendant "is permitted to rely on 'a chain of reasoning that includes assumptions'" to calculate the amount in controversy. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019).

Here, the amount Plaintiff seeks on behalf of the putative class alone satisfies the amount in controversy. Plaintiff seeks: "[s]tatutory damages of $5,000 to Plaintiff and each Class member pursuant to RCW 49.58.070 and RCW 49.58.110." Complaint ¶ 54. Plaintiff describes the putative class broadly as "all individuals who applied for a job opening in Washington[.]" Complaint ¶ 39. Plaintiff neither defines "applied" nor distinguishes among hired employees, hired applicants who ultimately declined the job, applicants who received



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
(206) 682-2308

interviews but not job offers, or even those who submitted applications regardless of skills, qualifications, or actual interest in employment.

Putting aside that Plaintiff's vague class definition overstates the reasonable reach of RCW 49.58.070(1), and the Complaint does not plead a legally tenable class claim, potential statutory damages would easily exceed the $75,000. Here, Plaintiff seeks: "[s]tatutory damages of $5,000 to Plaintiff and each Class member pursuant to RCW 49.58.070 and RCW 49.58.110." Complaint ¶ 54. Based on its preliminary analysis, Defendant estimates that from January 1, 2023, to present, there were approximately 386 applicants to allegedly noncompliant Washington job postings. Hegenbart Decl. ¶ 7. Assuming there are 386 individuals who qualify as an "applicant"[1] and prove they are entitled to the alleged $5,000 statutory damages per RCW 49.58.070(1) for a noncompliant posting, the amount-in-controversy easily exceeds $75,000: 386 x $5,000 = $1,930,000. If that were not enough, Plaintiff also seeks statutory attorney fees and costs on her behalf and that of the putative class. Complaint ¶¶ 53, 54 (c).

## V. NOTICE OF REMOVAL

Per 28 U.S.C. § 1446(d), undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be served promptly on Plaintiff's counsel and filed with the Clerk of the King County Superior Court. Therefore, all procedural requirements

---

[1] Defendant does not concede that Plaintiff is a bona fide applicant with a recoverable injury (statutory standing) or Article III standing to assert any claims. However, this is issue not yet ripe, as it will likely be impacted by Supreme Court's pending decision in *Branson v. Washington Fine Wines & Spirits, LLC,* Wash. Supreme Court Case No. 103394-0, 557 P.3d 253 (Wash. Oct. 11, 2024) (accepting review). Defendant recognizes that this case may impact any potential remand analysis as this Court has noted. *Floyd v. Photon InfoTech Inc.,* C24-01372-KKE, 2024 WL 5075017, at *2–3 (W.D. Wash. Dec. 10, 2024) (staying any decision on remand and a motion to dismiss pending *Branson*). However, Defendant maintains that this case remains removable under the current state of the law and also removed to avoid any argument that it waived any right to do so, given that the deadline for removal is statutory and definitive.



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
(206) 682-2308

under 28 U.S.C. § 1446 will be followed and satisfied. A copy of the Notice to State Court of Removal to Federal Court is attached as **Exhibit A**.

## VI. CONCLUSION

Subject matter jurisdiction exists under 28 U.S.C. § 1441(b) because there is diversity of citizenship; Plaintiff and Defendant and citizens of different states. Specifically, Plaintiff is a citizen of Washington and Defendant is a citizen of Georgia. The aggregate amount in controversy exceeds the jurisdictional minimum of $75,000. Accordingly, this Court has diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Defendant has properly removed this action to this Court. Defendant reserves, and does not waive, any objections it may have to jurisdiction, venue, and all other defenses or objections.

DATED this 27th day of August 2025.

FISHER & PHILLIPS LLP

By *s/Catharine M. Morisset*
Catharine M. Morisset, WSBA #29682

By *s/ Meghan A. McNabb*
Meghan A. McNabb, WSBA # 55000

FISHER & PHILLIPS LLP
1700 Seventh Avenue Suite 2200
Seattle, WA 98101
Email: cmorisset@fisherphillips.com
Email: mmcnabb@fisherphillips.com
*Attorneys for Defendant BlueLinx Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under the laws of the state of Washington that on the date written below, I caused a true and correct copy of the foregoing document to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Timothy W. Emery, WSBA No. 34078
Patrick B. Reddy, WSBA No. 34092
Paul Cipriani, WSBA No. 59991
Hannah M. Hamley, WSBA No. 59020
Emery Reddy, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106
Fax: (206) 441-9711
Email: emeryt@emeryreddy.com
Email: reddyp@emeryreddy.com
Email: paul@emeryreddy.com
Email: hannah@emeryreddy.com
*Attorneys for Plaintiff*

Executed on August 27, 2025, in accordance with 28 USC § 1746, at Seattle, Washington.

Jazmine Matautia